LAKE *v.* McELFATRICK *et al.*

(*Supreme Court, General Term, Fifth Department.* June, 1892.)

1. CONTRACTS—ACTION FOR BREACH—PLEADING—EVIDENCE.

Where it was alleged, in an action against an architect for breach of a contract to furnish good and sufficient plans and specifications for a theater, that the plans were defective, in that they did not require a blind arch which should have been constructed in the brickwork of the wall over the proscenium arch, and the necessity for the blind arch depended upon whether the spring of the proscenium arch was sufficient to enable it to maintain the weight unaided, evidence that the proscenium arch was too flat for such purpose was admissible, though defects therein were not alleged.

2. SAME—EVIDENCE—OBJECTIONS WAIVED.

Objections that, under the pleadings, evidence was improperly admitted to show defects in the specifications in respect to the character of the mortar to be used in the proscenium arch, could not be made for the first time on appeal.

3. SAME—INSTRUCTIONS.

The court properly refused an instruction that plaintiff could not recover because "a stone skew back," required by the specifications, was left out, and charged that its omission did not affect plaintiff's right to recover, unless it contributed to the fall of the wall.

4. SAME—NONSUIT.

The evidence showing that the proscenium arch collapsed beneath the weight of the superincumbent wall, and being sufficient to support a verdict for plaintiff, the court properly refused to direct a nonsuit.

Appeal from circuit court, Chautauqua county.

Action by James H. Lake against John B. McElfatrick and another. From a judgment for plaintiff, entered on the verdict of a jury, and an order denying a motion for a new trial, on a case and exceptions, defendants appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER, J.

*G. W. Cothran*, for appellants. *C. D. Murray*, for respondent.

DWIGHT, P. J. The action was by the plaintiff, as assignee of one Chauncey F. Lake, to recover damages for a breach of the defendants' contract to furnish to the latter good and sufficient plans, drawings, and specifications for the construction of a theater in the village of Titusville, Pa. The allegations of the complaint were, in brief, that the plaintiff's assignor, living at Titusville, and being about to erect a theater at that place, applied to the defendants, who were partners in business as architects in the city of New York, to contract with them for the necessary plans, etc., for such building; that the defendants held themselves out and warranted themselves to be competent architects, and especially skilled in designing and planning buildings for theatrical purposes, and that, if employed by him to do so, they would furnish to the plaintiff's assignor plans, drawings, and specifications of everything necessary in the construction of his theater, which, if duly followed, would insure to him a building constructed in a good, accurate, and substantial manner; that the plaintiff's assignor, relying upon such representations and warranty, employed the defendants to make and furnish such plans,

drawings, and specifications, for which he agreed to and did pay them the price agreed upon; and that the defendants furnished the plans, drawings, and specifications upon which he proceeded to erect his building.   The allegation of a breach of the contract so made is to the effect that the plans so made and furnished by the defendants were faulty and defective, in that the defendants negligently omitted from the plans a blind arch which should have been required to be constructed in the brickwork of the wall over the proscenium arch, and that by reason of such omission from the plans the wall in question was constructed without such blind arch, with the result that the wall fell, to the great damage of the plaintiff's assignor.   The contract was admitted, and the fact that the plans did not call for a blind arch over the proscenium arch, and that the wall fell; so that really the only question under the pleadings, aside from that of the amount of damages, was whether the wall fell for want of the blind arch.

The proof clearly showed that the effect of a semicircular blind arch in the position described would have been to relieve the proscenium arch from the weight of the wall above it, and whether that was necessary or not depended upon whether the spring of the proscenium arch was sufficient to enable it to bear that weight without such relief.   This was one of the principal questions tried in the case, and one of the principal exceptions argued here relates to the admission of evidence on the part of the plaintiff to show that the proscenium arch was too flat to sustain the weight laid upon it.   The exception was not well taken.   The evidence was objected to on the ground that the defect in the proscenium arch was not specified in the complaint.   But the evidence was admissible, because it tended to show that the omission of the blind arch was the defect it was charged to be.   If the proscenium arch was sufficient to support the weight of the wall, there was no need of the blind arch; whereas, if the proscenium arch was incapable of supporting that weight, the blind arch, or its equivalent, was indispensable.

Evidence was also received tending to show that there was a defect in the specifications in respect to the character of the mortar to be used in the proscenium arch.   That defect was not specified in the complaint, and the bearing of the evidence on the question of the necessity of the blind arch was remote.   The evidence was probably not admissible, but it was nowhere objected to.   The question was tried at considerable length, and was submitted to the jury without any objection on the part of the defendants.   It thus became an issue by common consent on the trial, and it is too late, on appeal, to object that it was not within the pleadings.

The defendants also made the question on the trial—though their answer was silent on the subject—whether the plaintiff was not himself chargeable with the loss complained of because he neglected to follow the plans and specifications as they were made by the defendants, and much evidence was given on the question of the probable effect of a particular deviation which was proved.   But this question was fully submitted to the jury, with the instruction that, if the deviation in question either caused or contributed in any degree to cause the fall of the wall, the plaintiff could not recover.   The defendants asked for the absolute instruction that the plaintiff could not recover, "for the reason that he left out the stone skew back."   This the court declined, holding and instructing the jury that, unless the omission of the "stone skew back" caused or contributed in some degree to cause the fall of the wall, it did not affect the plaintiff's right to recover.   There was no error in the charge or in the refusal to charge.   A deviation from the plans and specifications, which had no effect whatever to produce the loss complained of, could have no effect upon the right of the plaintiff to recover for such loss.

The defendants' exceptions to the refusal of the court to direct a nonsuit or a verdict for the defendants raise no other question than that of the suffi-

ciency of the evidence to support a verdict for the plaintiff, and neither exception was well taken.   The evidence shows beyond question that the proscenium arch collapsed beneath the weight of the superincumbent wall,—a result which of itself demonstrated its insufficiency, and the verdict of the jury implies the finding that this result would have been obviated by the interposition of the blind arch, and that the defendants were chargeable with a violation of their contract in failing to include such an arch in their plans and specifications.   The verdict is well supported by the evidence bearing upon the questions litigated, and there is no exception which affords ground for setting it aside.

The judgment and order appealed from should be affirmed.